# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUSSELL TINSLEY, | Civil Action No. 15-7319(MCA) |
| Plaintiff, | |
| v. | MEMORANDUM |
| MERRILL MAIN, PH.D., STU CLINICAL DIRECTOR, et al., | |
| Defendants. | |

**THIS MATTER** has been opened to the Court by Plaintiff's filing of an application to proceed *in forma pauperis* on appeal and his letter submission regarding unresolved claims against Defendant Jo Astrid Glading ("Defendant Glading"). *See* ECF Nos. 233, 235.

The Court first considers Plaintiff's letter submission regarding unresolved claims against Defendant Glading. Plaintiff filed an Amended Complaint on December 23, 2016. ECF No. 77. On January 24, 2017, Deputy Attorney General Stephen Slocum ("DAG Slocum") moved to dismiss the Amended Complaint as to Defendants Main, Adams, Van Pelt, Ottino, Burley, Beaumount, Corniel, Dmowski, Stokes, and DeCrisce (collectively referred to as the "DHS Defendants") and Defendant Deputy Attorney General Singer ("DAG Singer"). ECF No. 86.

Subsequently, on February 3, 2017, DAG Slocum waived service on behalf of Defendant Glading, and on February 13, 2017, DAG Slocum submitted a letter on behalf of Defendant Glading requesting to "join" the motion to dismiss brought by the DHS Defendants and Defendant DAG Singer ECF No. 92. In the letter, DAG Slocum made the following arguments for dismissal of the claims against Defendant Glading:

> The sole allegations against Defendant Glading are set forth in paragraphs 63 and 66 of Plaintiff's First Amended Complaint.

1

> (ECM#77 at 26-27). Specifically, Plaintiff alleges that he suffered "further discriminations from" Defendant Glading, *id.* at 26, and that Defendant Glading "failed to consider his completion and argue against the STU's staff recommended [sic] that he repeat the modules," *id.* at 27. These scant allegations cannot sustain a claim against Defendant Glading, an attorney at law who represented Plaintiff in his civil commitment proceedings. (*See* Brief in Support of Motion to Dismiss, ECM#86-1 at 19-21). Furthermore, any claims Plaintiff may raise alleging in effective assistance of counsel should be brought in a habeas corpus proceeding, not here. *See*, *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003); *United States v. Birrueta*, 609 Fed. Appx.520 (9th Cir. 2015).

ECF No. 92.

The Court's August 29, 2017 Opinion and Order did not address Defendant Glading's request to join the DHS Defendants' motion to dismiss and noted that Defendant Glading had not moved to dismiss the Amended Complaint. ECF Nos. 104-105. The Court granted the motion to dismiss as to all moving Defendants, except the First Amendment retaliation claims against Defendants Beaumount, Main, and Van Pelt. *See id.* The parties proceeded to discovery as though Defendant Glading had been dismissed from the case.

Had the Court considered Defendant Glading's arguments for dismissal, it would have granted her motion to dismiss, as Plaintiff's allegations against Glading are conclusory at best, and there are no well-pleaded facts to support discrimination or retaliation claims against this Defendant. Moreover, the Amended Complaint does not allege that Defendant Glading made any decisions about Plaintiff's sex offender treatment, *i.e.*, whether he should advance to the next level of treatment; rather, it appears she represented Plaintiff in connection with his commitment proceedings. To the extent Plaintiff alleges that Defendant Glading provided ineffective assistance of counsel in his commitment proceedings, it is well established that a public defender performing a lawyer's traditional functions as counsel to a defendant is not acting under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). For these reasons, and to

correct its earlier oversight, the Court grants the motion to dismiss the Amended Complaint as to Defendant Glading. The Court also finds no basis to permit Plaintiff to amend his Complaint against this Defendant, as granting a plaintiff leave to amend is not necessary where amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116–17 (3d Cir.2000).

The Court will also deny without prejudice Plaintiff's application to proceed *in forma pauperis* on appeal ("IFP application") because he has not provided any information as to whether he is indigent, and he paid the filing fee in this matter in lieu of providing the Court additional information about his finances. The Court further notes that Plaintiff filed an IFP application in the Court of Appeals, and the Third Circuit instructed him to submit an affidavit of poverty and a 6-month prison account statement to demonstrate that he is indigent. *See* Civ. App. No. 20-2846 at No. 9. As such, the Court will deny Plaintiff's IFP application without prejudice. The Court also denies the request for counsel, as this Court is without authority to appoint counsel on appeal, and the request for counsel on appeal should be filed in the Court of Appeals.

An appropriate Order follows.

4/28/21

_____
Hon. Madeline Cox Arleo
United States District Judge